# SULLIVAN,

## JANUARY TERM, A. D. 1858.

### WILCOX *v.* BOWERS.

The penalty prescribed by statute for taking illegal fees, is incurred only where a public officer, or some person in his behalf, with his assent, demands and receives compensation for some service by him rendered in the discharge of his official duties, other or greater than the law allows.

Attorneys, while receiving compensation in their offices for services rendered by them for their clients in matters preliminary to proceedings before a judicial tribunal, cannot be regarded as public officers, demanding and receiving compensation for services rendered in the discharge of official duty.

The statute provision that only one dollar shall be allowed for a writ, including the blank, in bills of cost taxed in the Supreme Court or Court of Common Pleas, is not violated by an attorney's receiving a larger sum as his compensation for making a writ, while adjusting a suit for his client before the same has been entered in court.

DEBT, against Levi W. Barton and Shepard L. Bowers, to recover a penalty of fifty dollars. Action founded upon the 25th section of chap. 245, Compiled Statutes.

Writ, dated August 12, 1856. The declaration alleged that the said defendants, on the 2d day of February, 1856, and before, were attorneys-at-law, and persons entitled by law to receive fees; and that on said 2d day of February, at Newport, in said county, they demanded and took of the plaintiff the sum of two dollars, for a writ which was dated December 12, 1855, and returnable at the Court of Common Pleas in said county, on the

Wilcox *v.* Bowers.

first Tuesday of February, 1856, in which one Charles M. Booth was plaintiff, and said John Wilcox defendant, whereby the defendants forfeited fifty dollars to the person who should sue therefor, &c. The defendants were described in the writ as attorneys-at-law, but were not described as partners.

The defendants pleaded jointly, *nil debet.* The plaintiff, after introducing evidence tending to show that there was such a writ made by the defendant Bowers, against him, said Wilcox, as the one described in his declaration, introduced a receipt, in the hand-writing of said Bowers, and signed at the bottom, " Barton & Bowers," dated February 2, 1856, and acknowledging the receipt at that time, from said Wilcox, in settlement of said suit, of a certain sum of money, specifying the amount of the note and interest, and the amount paid as sheriff's fees, and closing with this item: " For making the writ, $2.00." The plaintiff then introduced a witness who testified, among other things, substantially as follows : " I was present in Barton & Bowers' office, one evening in February, 1856, when John Wilcox came in, considerably excited, with some money in his hand, and spoke to Mr. Bowers, (who was at the time engaged in doing business for another individual,) and told him he wanted to settle the suit they had brought against him. Mr. Bowers figured up the amount, and presented it to Wilcox, who paid over the money, and called for a receipt. Bowers gave him a receipt in full, in the common form, which Wilcox took, but upon examining, returned it, saying that he wanted a receipt that should specify all the items and particulars. Bowers thereupon wrote a receipt, as desired, and gave it to Wilcox, and he thereupon left the office. Do not recollect how much money Wilcox paid. Do not recollect as any thing was said about the writ by either party. I was in the office when Wilcox came in, and he called on me to take notice, I think, after the receipt was given. I do not recollect as Wilcox made any objection to paying the money, nor to the amount, nor did he object to any of the items in the last receipt, that I remember. Both receipts were written while I was there, and after the money was paid." The plaintiff then

offered evidence tending to show that the defendants were attorneys-at-law, and partners in business, February 2, 1856, and since, and rested his case.

The defendants moved the court to order a nonsuit, on the following grounds :

1. That there is no evidence that the defendants are persons authorized to tax costs or entitled to a fee, in the sense intended by the statute. The fact of the defendants' being attorneys-at-law does not of itself entitle them to tax and receive fees under the statute.

2. The plaintiff must prove that the defendants demanded as well as took the illegal fee, and there is no evidence in the case tending to show that the defendants, or either of them, made any demand of the plaintiff for the two dollars, or any other sum.

3. Whatever money the plaintiff paid on the settlement of the action, Charles M. Booth against himself, he paid voluntarily, and from choice, knowing the statute price of writs taxed in courts ; and if so he cannot recover in this suit.

4. The 5th section of chapter 245, Compiled Statutes, specifies bills of costs taxed in the Supreme Judicial Court or Court of Common Pleas. But this action, having been settled before the return day of the writ, was never entered in any court, and therefore is not a case falling within any provision of said statute.

5. The receipt states that two dollars were received for *making* the writ; not for the writ itself, as a taxable item, but for services in making the writ, which services were chargeable to Booth, and which Wilcox voluntarily undertook to pay, not standing in the relation of client to the defendants in this action. They had no claim for fees upon him that they could enforce, and did not undertake to do so. The plaintiff made no tender, as he should have done, of debt and costs to Booth, if he desired to settle the case before entry.

6. The suit of Booth *v.* Wilcox having been settled February 2, and before the return day of the same, Booth, the plaintiff in that suit, was entitled to receive fees for travel and one day's attendance at court, in addition to the statute fee for a writ, and

the defendants offered to prove that Booth lived more than ten miles from the place of holding said court, and claimed that he was therefore entitled in fact to a greater sum in all than what was taken, and the plaintiff could not maintain this suit if the sum total of the costs taxed does not amount to more than the party taxing was entitled to, though the amount of some particular item may exceed that fixed by law.

But the court overruled the motion for a nonsuit, and submitted the evidence to the jury.

The defendants requested the court to instruct the jury that as the plaintiff charged the defendants jointly with being indebted, &c., if they should find that only one of them was indebted and the other not indebted, their verdict must be for both defendants ; that both defendants must either be held or discharged by the verdict :

Which the court declined to do, but did instruct the jury —

1. That if they found one of the defendants not jointly indebted with the other, then they might bring in their verdict against the one found liable.

2. That it was necessary that the defendants should have demanded as well as taken more fees than the statute allowed, and that upon evidence the jury might find whether the defendants did demand the two dollars for making the writ, and that they might consider all the acts as well as the words of the parties, and find what was the intention and understanding of the parties at the time.

That no formal demand, in so many words, need be made by the defendants.

That although the defendants might have said nothing when they, or either one of them, presented Wilcox with the bill or amount of debt and costs in the suit he was about to settle, still there was evidence competent for them to consider, as tending to show a demand ; and if the jury should find that the defendants, or either of them, did make such demand, they would be equally liable, whether the plaintiff paid it voluntarily or otherwise, and

whether the plaintiff knew at the time what the statute fee for a writ was or not.

3. That the defendants, as attorneys-at-law merely, were legally authorized to tax, and entitled to receive fees under the statute.

4. That although the receipt is not conclusive evidence of the facts stated in it, but may be explained or be shown to be incorrect, yet if the defendants, or either of them, demanded or took two dollars for *making the writ*, the plaintiff might sustain this suit, even though there were other items of costs which the defendants might have charged, but which they did not charge, nor intend to at the time.

To all which rulings and instructions, and refusal to instruct the jury as desired, the defendants excepted.

The jury having returned a verdict that the said Barton is *not indebted*, and that said Bowers *is indebted*, as the plaintiff has alleged, &c., upon which verdict judgment was rendered, the defendant, Bowers, files this bill of exceptions, which is allowed by the court.

*Barton & Bowers*, for the defendant.

The court erred in not granting the motion for a nonsuit, and also in refusing to instruct the jury, as requested.

The 25th sec., chap. 245, Comp. Stat., clearly means, by the term " any person," a person or an officer mentioned in the preceding sections of said chapter. Chapter 245 is entitled, " Fees and costs in certain cases," and prescribes the fees of justices, clerks, parties, witnesses, sheriffs, jailors, registers, coroners, constables, juries, and notaries public.

We contend that attorneys-at-law are not persons or officers authorized to tax and receive fees under the statute. The intention of the legislature, as to any particular section, can only be rightly ascertained by considering the whole statute, and this mode of interpretation has been said to be justifiable, even when the words of the section may be unambiguous. 1 Pick. 258; 23 N. H. (3 Foster) 438; 5 N. H. 205.

Wilcox *v.* Bowers.

The 5th section of said chapter provides for the taxation of a writ in the Supreme Judicial Court or Court of Common Pleas, and mentions the sum to be allowed in taxing a bill of costs in said courts. But if the writ is not entered in court, the court has no jurisdiction whatever over such writ, though issued from the clerk's office, and no bill of costs can be taxed. No fees can be collected of a defendant named in such writ. 2 N. H. 541; 3 Black. Com. 212. Entering an action in court lays the foundation for taxing a bill of costs.

The case finds that the action of Booth *v.* Wilcox was not entered, and that whatever sum Wilcox paid, he paid voluntarily and from choice. The court erred on this point in instructing the jury, for the receipt itself, unexplained, shows that the sum received was for services rendered in drawing the declaration.

The court erred also in instructing the jury as to what constitutes a demand.

Attorneys for a plaintiff have no lien on a defendant for costs, in actions settled before entry. Tidd 287; 6 D. &. E. 361; 1 East 464; 3 Caines 165; 8 Johns. 336.

The defendant, in the action of Booth *v.* Wilcox, made no tender, as prescribed in sec. 1, chap. 199, Comp. Stat., as he should have done, if he desired to settle his action before entry. Had the defendant in that case compromised with the plaintiff for any sum, without regard to debt and costs, the attorneys would have had no lien on Wilcox.

The case shows that the sum received was not as and for fees, but as a compensation for labor and trouble. 15 Mass. 525. The only remedy an attorney has is an action against his client for fees. 5 Mass. 309; 7 Mass. 140.

The act of the agent, or attorney, done in behalf of the principal, becomes the act. of the principal. The money in the hands of the attorney was the money of his client. Unless it can be shown that the agent exceeds his authority, his principal is bound by his acts, and the action, if maintainable at all, is against the principal. 24 N. H. (4 Foster) 10.

The receipt is not conclusive. The facts in the case explain it.

Booth was entitled to $1.25, for travel and attendance, which, taken with the services rendered in drawing the declaration and settling up the suit, amounts to as much or more than the receipt states. The plaintiff cannot maintain his action, if the sum total of costs taxed does not amount to more than the party taxing is entitled to, though the amount of some particular item may exceed the sum fixed by law. 26 N. H. (6 Foster) 92, 115; 7 N. H. 5, 6; 22 N. H. (2 Foster) 229; 26 N. H. (6 Foster) 117, 314.

We contend that the defendants in this action must both be held indebted, or both discharged by the verdict. The defendants were declared against as jointly indebted to the plaintiff. It was proved that the defendants were partners in business; that the suit of Booth v. Wilcox was brought by the firm, and settled by a member, in the name of and for the firm. A partnership is liable for the acts and even torts committed by one of the part- ners under color of the firm, though the act be not assented to by the other partner. 2 Bouv. Ins. 103, 106. The plaintiff alleges and demands a joint forfeiture, and how can it appear that one defendant is indebted and the other not indebted? If debt qui tam be sued against several, demanding a joint for- feiture, on a plea of nil debet all the defendants ought to be found indebted, or none; because the form of the action and plea is a joint contract, although the debt arises from a tort. Story's Pl. 319; 5 Mass. 270. The case last referred to is directly in point. The contract must be proved as·laid. It must be charged and proved according to the truth of the case; for if it be proved to be different from the contract alleged, they cannot be presumed to be the same contracts. Ibid.; 2 Hawk. P. C., chap. 26, sec. 75. The action of debt must be proved as alleged. It does not partake of the nature of trespass. It is not remedial. The party aggrieved stands in the same position as an uninjured person commencing this action. 24 N. H. (4 Foster) 10. Debt on a penal statute will not lie against several, for what is an offence in one. 2 Saund. Pl. & Ev. 1023.

*Burke*, for the plaintiff.

FOWLER, J.   The construction, recently given by this court to the statute under which the present action is brought, seems so entirely decisive of the questions raised by the defendant's bill of exceptions, as to obviate any necessity of considering, in detail, the various positions taken in the argument.   It was settled in *Fox* v. *Whitney*, decided in Hillsborough county, July 7, 1856, and reported in 33 N. H. 516, substantially, that the penalty prescribed by statute for taking illegal fees is incurred only when a public officer, or some person in his behalf, with his knowledge and assent, demands and receives, as compensation for some service by him rendered in the discharge of his official duties, fees other or greater than the law permits him to claim for such service.

Taking the interpretation thus given to the statute as the true one, it seems quite clear that the motion for a nonsuit should have prevailed ; for, however attorneys might be regarded, while engaged in court, taxing and receiving fees for themselves in bills of costs, filed and allowed as the foundations of judgments rendered, there can be no well founded pretence for considering them to be acting in the capacity of public officers, while charging and receiving compensation in their offices, for services rendered by them for their clients, in matters preliminary to proceedings before some judicial tribunal.   The charge of an attorney for his services in making and indorsing a writ and filling out the summons, is manifestly not one of those " fees to be received by public officers for their official services," which it was the intention of the Legislature to limit and define by the enactment under consideration.

The provision of the statute, for a violation of which the penalty sought in this case is alleged to have been incurred, is contained in the 5th section of the 229th chapter of the Revised Statutes, Compiled Laws 590, and is in these words :

" Sec. 5.  The following fees shall be allowed in bills of costs taxed in the Superior Court or Court of Common Pleas : For the writ, including the blank, one dollar."

By its express terms, this provision is limited in its operation

to "bills of cost taxed in court," as the foundation of judgments rendered therein, and the statute, being highly penal in its character, must, on well established principles, be construed strictly. How, then, can it be so extended as to include within its penalties the conduct of the defendant, in adjusting, for his client, a charge for services rendered in making a writ, before the action thereby commenced had ever been entered in court? Had the construction adopted in *Fox* v. *Whitney* not been already given to this statute, we are unable to perceive how it could fairly have been holden, that an attorney incurred the penalty of fifty dollars by receiving, before entry in court, whether from the plaintiff or the defendant, the compensation ordinarily charged the plaintiff for making a court writ, when the penalty would seem to be expressly limited to the allowance, in bills of cost taxed in court, as an item for which judgment is to be rendered between the parties, of more than one dollar for the writs, including the blank.

Before the rendition of judgment, or the taxation of costs as preliminary thereto, neither the plaintiff or his attorney has any claim upon the defendant which can be enforced, for either damages or costs. The whole matter in controversy is contingent, and rests in uncertainty. If the defendant desires to avoid further liability for costs or damages upon any claim or in any suit of the plaintiff against him, there are various modes in which it may be done, in no one of which is he compelled or under any sort of legal obligation to adjust or satisfy, under that name, any charge of the plaintiff's attorney, allowing for drawing or making the writ. Such charge is exclusively a matter between the attorney and his client, with which the defendant has nothing to do, and for which there is no legal claim against him. If he choose to pay the whole or any portion of it, for the purpose of adjusting the suit against him, as a matter of convenience and accommodation, rather than resort to either of the prescribed and well known methods of avoiding further liability in such cases, he must be regarded as having done so voluntarily, and not upon any such legal compulsion as will enable him to recover the

statute penalty for taking illegal fees of the attorney to whom he pays it. He may tender to that attorney the amount of debt and costs, if he elect so to do, and the statute makes such tender a bar to any further proceedings. Revised Statutes, chap. 187, sec. 1 ; Compiled Laws 482. But we are aware of no provision of law, statute or common, requiring the plaintiff's attorney to state or receive the amount of such debt or costs ; much less to do so under the penalty imposed upon public officers for taking illegal fees for services rendered in the discharge of official duty, for any error or mistake therein, whether accidental or intentional, and however slight or unimportant.

As the court below erred in overruling the motion for a nonsuit, the judgment rendered upon the verdict against the defendant must be vacated.

*Exceptions sustained.*